IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**JEFFREY ALLEN, an individual; JANET ALLEN, an individual; JOHN REGAN, an individual; and CONNIE THOMAS, an individual,**

    Plaintiffs,

v.                                                      **CIVIL ACTION NO.: 5:22-CV-18 (GROH)**

**CHEVRON U.S.A. INC., a Pennsylvania corporation; CHEVRON MIDCONTINENT L.P., a Texas limited partnership; EQT CORPORATION, a Pennsylvania corporation; and UNION OIL COMPANY OF CALIFORNIA, a California corporation,**

    Defendants.

## ORDER DISMISSING CASE

On March 22, 2024, the Court entered an Order to Show Cause as to why this case should not be dismissed. ECF No. 20. Therein, the Court noted there had been what seems to be minimal progress toward the final resolution of this matter. Id. Specifically, the Court highlighted that in the year since this action was stayed and sent to arbitration, the only update has been Plaintiffs' counsel seeking out potential arbitrators. Id.; see also ECF No. 19.

The Defendants filed a response to the Court's Order [ECF No. 20] on March 26, 2024. In their view, "[t]his action . . . should never have been filed in this Court in the first place," because it is "subject to an arbitration provision." ECF No. 21 at 2. Accordingly, the Defendants request the Court dismiss this action with prejudice. Id.

The Plaintiffs, however, argue this case should not be dismissed because the delay in finding an arbitrator was not in bad faith and that the Defendants have incurred no prejudice. ECF No. 22 at 4–5. Specifically, the Plaintiffs note the Defendants joined the Joint Status Report [ECF No. 19] without arguing the existence of undue delay. Id. Further, the Plaintiffs assert they have "meritorious claims," and "[a]ny unintentional delay here must be weighed against the sound public policy of deciding cases on their merits." Id. at 4, 5. Additionally, the Plaintiffs proffer they have "served their demand for arbitration on Defendants, and identified Howard Schulberg, Esq., an as arbitrator on March 28, 2[0]24." Id. at 1.

This Court enjoys broad discretion in managing its docket. See, e.g., Sivak v. Town of Atl. Beach, 2011 WL 4101099, at *3 (D. S.C. Sept. 13, 2011) (citing Link v. Wabash R. Co., 370 U.S. 626, 630–32 (1962)). That discretion empowers it "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." Id.

Here, other than asserting, without any corresponding factual basis, (1) "impediments" have caused "the arbitrator appointment process [to have] taken longer than desired," (2) "they intend to move forward with arbitration," and (3) "Plaintiffs and their counsel have not delayed the scheduling of the arbitration willfully or in bad faith," the Plaintiffs provide no explanation for the greater-than-one-year delay in finding an arbitrator. See id. Moreover, the Court finds the public policy in favor of deciding cases on their merits inapposite. The merits of this matter will, if appropriate, be heard—in arbitration.

Accordingly, and in the interest of judicial economy, it is **ORDERED** that this case be **DISMISSED WITH PREJUDICE** and **STRICKEN** from this Court's docket.

The Clerk of Court is **DIRECTED** to transmit copies of this Order to all counsel of record herein.

**DATED:** April 9, 2024

_____
GINA M. GROH
UNITED STATES DISTRICT JUDGE